# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JO HARRIGAN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-14-113-R<br>) |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

Plaintiff filed this action seeking review of the decision of the Commissioner denying her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On January 20, 2015, Judge Purcell issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be affirmed. Doc. No. 13, at 1. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation [Doc. No. 14], giving rise to the Court's obligation to conduct a *de novo* review.

Plaintiff challenges the Report and Recommendation on three grounds. First, she argues that, contrary to Social Security Ruling 96-8p, the Administrative Law Judge's ("ALJ") finding of Plaintiff's residual functional capacity ("RFC") did not express her "nonexertional capacity … in terms of work-related functions" or "[w]ork-related mental activities." Doc. No. 14, at 2 (quoting *Jaramillo v. Colvin*, 576 F. App'x 870, 874 (10th

Cir. 2014) (unpublished)). Second, she contends that the ALJ did not explain why he found the opinion of Plaintiff's treating physician to be inconsistent with or not supported by the evidence. *Id.* at 5. Finally, Plaintiff argues that the ALJ erred in not explaining why he did not adopt the opinion of the Consultative Examiner, who found that she has a Global Assessment of Functioning score of 48, that her prognosis is "fair," and that she was "emotionally vacant" during her evaluation. *Id.* at 6-7. Because the Court finds Plaintiff is entitled to reversal and remand on the first of these arguments, the undersigned addresses only that issue.

## Evaluation Process

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner follows a five-step evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). In the first four steps, the claimant bears the burden of establishing a prima facie case of her disability. *Williams*, 844 F.2d at 751 & n.2. If she succeeds, the fifth step involves "determining whether the claimant has the residual functional capacity (RFC) 'to perform other work in the national economy in view of [her] age, education, and work experience.'" *Id.* at 751 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987)). The RFC "represents the most that an individual can do despite his or her limitations or restrictions." SSR 96-8P, 1996 WL 374184, at *4

(July 2, 1996). At this last step, the burden shifts to the Commissioner to establish that despite the claimant's medical impairments, she "retains the capacity 'to perform an alternative work activity and that this specific type of job exists in the national economy.'" *Williams*, 844 F.2d at 751 (citations omitted).

"To meet this burden, the Secretary may rely on the Medical-Vocational Guidelines (grids), 20 C.F.R., pt. 404, subpt. P, App. 2 (1986)." *Id.* "The grids are matrices of the 'four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983)). Use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir.1993).

## Standard of Review

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

## Analysis

Plaintiff contends that the ALJ's RFC finding does not sufficiently convey his separate findings of her nonexertional limitations. Under Social Security Ruling 96-8p, "nonexertional capacity [which includes mental limitations] must be expressed in terms of work-related functions" or "[w]ork-related mental activities." *Jaramillo*, 576 F. App'x at 874 (quoting SSR 96-8P). When a claimant's capacity to perform a particular work-related mental function is impaired, this fact "must be related with sufficient precision … in an RFC finding." *Id.* at 876.

The Tenth Circuit recently ruled in an unpublished decision that an ALJ's hypothetical to a Vocational Expert ("VE") did not clearly convey the moderate impairments that a physician concluded the claimant had, when the ALJ had placed "great weight" on this physician's opinion. *Id.* at 876-77. The physician found the claimant to be "moderately limited in his ability to (1) carry out instructions, (2) attend and concentrate, and (3) work without supervision." *Id.* at 872. In that case, the ALJ conveyed to the VE that the claimant "retained the residual functional capacity (RFC) to perform sedentary work, but was 'limited to simple, routine, repetitive and unskilled tasks,' and had to avoid all exposure to direct sunlight." *Id.* at 872. The Tenth Circuit held that "the ALJ's reliance on the jobs the VE identified in response to the hypothetical was not supported by substantial evidence" because "[t]he limitation to simple, routine, repetitive, and unskilled tasks the ALJ included in his hypothetical" was not "logically connected to any of the moderate limitations that [the physician] found." *Id.* at 876-77.

Here, the ALJ found that Plaintiff's severe mental impairments cause her to have "moderate difficulties in maintaining social functioning[ and] moderate difficulties in maintaining concentration, persistence, or pace." Social Security Administration Record, Doc. No. 9, at 21-22. "[A] moderate impairment is not the same as no impairment at all," but rather "supports the conclusion that the individual's capacity to perform the activity is impaired." *Jaramillo*, 576 F. App'x at 876 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); Social Security Administration's Program Operations Manual System DI 24510.063 B.2). Therefore, these moderate impairments "must be related with sufficient precision … in an RFC finding." *Id.*

The ALJ outlined Plaintiff's RFC as follows:

> Since December 15, 2010, the claimant has possessed the residual functional capacity to perform a wide range of semi-skilled, light work as defined in 20 CFR 404.1567(b) and 404.1568(b). Specifically, she can lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally; stand and/or walk 6 hours in an 8-hour work day; sit 6 hours in an 8-hour work day; frequently grasp, feel, twist, turn, reach, and work overhead; frequently vs. [sic] occasionally climb, balance, stoop, kneel, crouch, and crawl. She must avoid more than occasional exposure to concentrated levels [of] fumes, odors, dust, gases, poor ventilation, and etc. She can understand, remember, and carry out simple job[s] and some complex instructions and tasks; adequately make adaptations to working environments and adequately deal with changes in work processes and environment; and frequently relate to and interact with co-workers, supervisors, and patients and occasionally related [sic] to and interact with the general-public.

Social Security Administration Record, Doc. No. 9, at 22. Nothing in this finding conveys Plaintiff's moderate limitation, which the ALJ himself found, with regard to "maintaining concentration, persistence, or pace." The Tenth Circuit has held in unpublished decisions that an ALJ's failure to incorporate moderate difficulties in

5

maintaining concentration, persistence, or pace in an RFC finding conveyed to a Vocational Expert was reversible error.[1] The ALJ's failure to relate this limitation in his RFC finding violates Social Security Ruling 96-8p, which requires a claimant's impairment to be conveyed in an RFC finding with sufficient precision. *Jaramillo*, 576 F. App'x at 876.

This error was not harmless because "a failure to first make a function-by-function assessment of the individual's limitations or restrictions" could cause the ALJ to "overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do." SSR 96-8P, 1996 WL at *3-4. If the ALJ had incorporated Plaintiff's moderate limitation of maintaining concentration, persistence, or pace into his RFC finding, he would have been more likely to consider and explain whether this limitation was significant enough to preclude use of the grids to determine whether Plaintiff was disabled. *See Thompson*, 987 F.2d at 1488. The conclusory manner in which the ALJ applied the grids leads the Court to conclude that he did, in fact, overlook Plaintiff's nonexertional limitation regarding maintaining concentration, persistence, or pace.

"The mere presence of a nonexertional impairment does not preclude reliance on the grids." *Thompson*, 987 F.2d at 1488 (citations omitted). The ALJ is precluded from

---

[1] *Crowder v. Colvin*, 561 F. App'x 740, 746 (10th Cir. 2014) ("If the ALJ again chooses to assess moderate impairments in concentration, persistence, and pace at step three, but not to include any limitation in concentration, persistence, and pace in the RFC at step four, he should explain the basis for his decision."); *Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) ("The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed.").

using the grids only when the "nonexertional impairments are significant enough to limit [the claimant's] ability to perform the full range of jobs" available. *Channel v. Heckler*, 747 F.2d 577, 582-83 (10th Cir. 1984). It is appropriate to use the grids when "the claimant can perform a substantial majority of the work in the designated RFC category." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (citations omitted).

The ALJ found that Plaintiff possesses the RFC "to perform a wide range of semi-skilled, light work." Social Security Administration Record, Doc. No. 9, at 22. "The basic mental demands of competitive, remunerative, *unskilled* work include the abilities (*on a sustained basis*) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." *Jaramillo*, 576 F. App'x at 875 (quoting SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985)) (emphasis added) (footnote omitted). It would be reasonable to conclude that a claimant who is moderately limited in her ability to maintain concentration, persistence, or pace would not be able to engage even in the above activities required for unskilled work *on a sustained basis*. Thus, one would expect an explanation for why the ALJ used the grids in this case, given his finding that Plaintiff has this particular limitation. Instead, after repeating several rules that apply to the grids, the ALJ stated in a conclusory fashion that Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled light work." Social Security Administration Record, Doc. No. 9, at 27-28. He provided no explanation for this determination.

7

"[I]t is well settled that administrative agencies must give reasons for their decisions." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citation omitted). To find that a nonexertional impairment has a negligible effect on the range of jobs available, the ALJ must "back such a finding … with the evidence to substantiate it." *Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987). "Here, the ALJ gave his conclusion but not the reason for his conclusion." *Kepler*, 68 F.3d at 391. He simply applied the grids instead of explaining why Plaintiff's "additional limitations have little or no effect on the occupational base of unskilled light work,"[2] indicating that he overlooked his prior finding of her moderate limitation regarding maintaining concentration, persistence, or pace. This was likely caused, at least in part, by his failure to express this moderate limitation in his RFC finding in terms of work-related functions.

## Conclusion

Because use of the grids is appropriate only when any nonexertional impairments are not significant enough to limit the claimant's ability to perform the full range of jobs available, and the RFC finding in this case did not incorporate one of Plaintiff's nonexertional impairments relevant to her ability to perform unskilled work, the ALJ's finding directed by the grids that Plaintiff is not disabled is not supported by substantial evidence. The Court declines to adopt the Report and Recommendation [Doc. No. 13],

---

[2] *See Roth-Riemann v. Colvin*, No. CIV-12-1287-W, 2014 WL 199003, at *4-5 (W.D. Okla. Jan. 16., 2014) (finding the ALJ's conclusive reliance on the grid improper, in part, because the RFC assessment was "overly broad" and did not explain why the plaintiff's nonexertional impairments did not preclude her from performing unskilled work); *Noble v. Astrue*, No. 09-1386-JWL, 2010 WL 4792494, at *6 (D. Kan. Nov. 17, 2010) ("[T]he ALJ did not explain how he determined these limitations have little or no effect on the occupational base of unskilled light work.").

8

and this matter is reversed and remanded to the Commissioner for additional proceedings consistent herewith.

IT IS SO ORDERED this 9th day of March, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE