# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JO HARRIGAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-113-R |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 18. Specifically, Plaintiff seeks an award of attorney's fees in the amount of $8,386.80. *Id.* at 2. Defendant objects to any award of attorney's fees because, she argues, the government's position was substantially justified. Doc. No. 20, at 1. Having considered the parties' submissions, the Court grants the motion.

An award of attorney's fees is not appropriate if "the court finds that the position of the United States was substantially justified." § 2412(d)(1)(A). "Substantially justified" means "justified in substance or in the main," or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position could be substantially justified even if it is incorrect. *Id.* at 566 n.2. "The burden rests with the government to prove that it was substantially justified in arguing that the denial of benefits was supported by substantial evidence." *Kemp v.*

*Bowen*, 822 F.2d 966, 967 (10th Cir. 1987). The government has not satisfied its burden in this case.

The undersigned reversed the Commissioner's decision denying Plaintiff's application for disability insurance benefits because Social Security Ruling 96-8p was violated when the Administrative Law Judge ("ALJ") did not express Plaintiff's moderate mental limitation, that he himself found, in terms of work-related functions in his RFC finding. Order, Doc. No. 16, at 4-6. This error likely contributed to the ALJ overlooking this limitation when he decided to apply the grids to determine whether Plaintiff was disabled. *Id.* at 8.

Because Defendant has the burden of establishing substantial justification, she must discuss why it was reasonable for the government to argue that the RFC finding either did not violate Social Security Ruling 96-8p, or that any error was harmless. The government maintains that the ALJ's RFC finding did consist of work-related mental functions, Doc. No. 20, at 5; but this is insufficient because the finding did not adequately express *all* of Plaintiff's mental limitations, specifically her moderate limitation with regard to maintaining concentration, persistence, or pace.

Defendant further argues that Plaintiff waived this objection concerning mental limitations by failing to raise it in her opening brief. *Id.* To the contrary, Plaintiff did raise this objection in her Brief in Chief by stating that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis." Doc. No. 11, at 17. She argued that the ALJ "does not express the claimant's residual functional capacity in specific terms with

appropriate references to pertinent evidence of record in accordance with Social Security Ruling 96-8p." *Id.* at 18. These statements clearly convey Plaintiff's objection to the sufficiency of the RFC finding in this regard.

As for the additional requirements for an award of attorney's fees under the EAJA, the Court finds that Plaintiff is the prevailing party herein; that Plaintiff's net worth does not and did not at the time this action was filed exceed $2,000,000; that there are no special circumstances that would make an EAJA award unjust; and that the amount of time expended, the hourly fees,[1] and the total fees sought are reasonable. Therefore, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 18] is GRANTED. Plaintiff is hereby awarded $8,386.80 in fees, to be payable directly to Jo Harrigan. In the event the EAJA fees awarded to Plaintiff are paid to Plaintiff's counsel and Plaintiff's counsel later recovers fees pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award of attorney's fees to Plaintiff.

IT IS SO ORDERED this 14th day of April, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Under § 2412(d)(2)(A), "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Plaintiff seeks an award of fees at a rate of $174 per hour. Doc. No. 19, at 9. The amount of $125 was substituted for $75 in the 1996 amendments to the EAJA. Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 847, § 232(b)(1). In 1996, $125.00 had the same buying power as $188.60 in 2014 and $187 in 2015. *CPI Inflation Calculator*, BUREAU OF LAB. STAT., http://www.bls.gov/inflation_calculator.htm (last accessed Apr. 14, 2015); *see* FED. R. EVID. 201(b)(2) (authorizing courts to take judicial notice of facts "from sources whose accuracy cannot reasonably be questioned). Therefore, the Court finds that given the increase in the cost of living since 1996, an award of attorney's fees at a rate of $174 per hour is appropriate.